**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KATHERINE M. ERNSTING,

       Plaintiff,

v.                                 Case No. 06-CV-10636-DT

AVE MARIA COLLEGE,

       Defendant.

_____/

### ORDER GRANTING DEFENDANT'S "MOTION TO DISMISS"

Pending before the court is Defendant Ave Maria College's ("AMC's") motion to dismiss. The matter has been fully briefed and the court has concluded that no hearing is required. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendant's motion.

### I. BACKGROUND[1]

Plaintiff Katherine M. Ernsting began her employment with AMC on September 10, 2001, as the Director of Public Relations. (Compl. at ¶ 7.) In September 2003, Plaintiff was named the Special Assistant to AMC President Ron Muller, where she was responsible for handling communications between Muller and other parts of the college. (*Id.* at ¶ 8.) In January 2004, Plaintiff told AMC Director of Advancement and Communication, Jay McNally, about a "tuition fraud scandal" involving AMC. (*Id.* at ¶ 9.) On January 21, 2004, McNally reported this "tuition fraud" to the Department of

---

[1] The facts related in this section are derived from Plaintiff's complaint, as such facts are for the purpose of Rule 12(b)(6) assumed to be true. *See Barrett v. Harrington*, 130 F.3d 246, 251 (6th Cir. 1997) (citing *Lamb v. Phillip Morris, Inc.*, 915 F.2d 1024, 1025 (6th Cir. 1990)).

Education.  (*Id.* at ¶ 12.)  On February 2, 2004, Plaintiff was named Interim Director of

Financial Aid in response to the Department of Education's mandate that Bob Hickey

discontinue all duties and activities associated with AMC's financial program.  (*Id.* at ¶

15.)  In her complaint, Plaintiff alleges that she was terminated on July 2, 2004, as a

result of her whistleblowing activity.  (*Id.* at ¶ 53.)

On September 23, 2004, Plaintiff filed a one-count complaint, Def.'s Mot. at Ex.

3, in the Washtenaw County Circuit Court. She alleged that her termination violated the

Michigan Whistleblowers' Protection Act ("WPA").  During the course of the state court

litigation, Plaintiff moved to add a claim that her termination violated public policy and

Defendant moved for summary judgment on Plaintiff's case.  On August 5, 2005, the

Washtenaw County Circuit Court issued an order denying Plaintiff's motion to amend

her complaint and granting Defendant's motion for summary judgment as Plaintiff had

failed to make out a prima facie case of a violation of the Michigan WPA   (Def.'s Mot. at

2, Exs. 1-2.)

On February 13, 2006, Plaintiff brought two claims against Defendant in this

court: Violation of the Anti-Retaliation Provision of the False Claims Act ("FCA") and

Wrongful Discharge in Violation of Public Policy.

## II.  STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, the court must construe the complaint in a light most favorable to the

plaintiff, accept all the factual allegations as true, and determine whether the plaintiff

undoubtedly can prove no set of facts in support of his claims that would entitle him to

relief.  *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*,

2

87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Medical Center*, 58 F.3d 1130,

1138 (6th Cir. 1995).  When an allegation is capable of more than one inference, it must

be construed in the plaintiff's favor.  *Columbia Natural Resources, Inc. v. Tatum*, 58

F.3d 1101, 1109 (6th Cir. 1995); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th

Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  Hence, a judge may not

grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations.

*Wright*, 58 F.3d at 1138; *Columbia Natural Resources, Inc.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare

assertion of legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726

(6th Cir. 1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01

(6th Cir. 1995).  The complaint should give the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests.  *Gazette v. City of Pontiac*, 41

F.3d 1061, 1064 (6th Cir. 1994).  "In practice, 'a . . . complaint must contain either direct

or inferential allegations respecting all the material elements to sustain a recovery under

*some* viable legal theory.'"  *Lillard*, 76 F.3d at 726 (emphasis in original) (quoting *Scheid

v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

### III.  DISCUSSION

In its motion to dismiss the retaliation claim, Defendant argues that Plaintiff's

complaint must be dismissed because "her state law claim was dismissed on the merits

by the Washtenaw County Circuit Court . . . [and] she did not file her federal FCA claim

within the requisite 90 day statute of limitations period."  (Def.'s Mot. at 1.)

### A.  Public Policy Claim

Although Plaintiff denied Defendant's request to dismiss Count II, pursuant to

E.D. Mich. L.R. 7.1(a), and Defendant was required to move and brief its argument for dismissal, in her response to Defendant's motion Plaintiff "concedes," without further explanation, "that her wrongful discharge in violation of public policy is barred by the principles of res judicata." (Pl.'s Resp. at ¶ 1.) The court will dismiss Count II of Plaintiff's complaint.

### B. FCA Claim

Defendant argues that Plaintiff's FCA claim is barred by the principle of res judicata because "[t]he allegations Plaintiff raises in her federal complaint arose out of the same facts and circumstances that he alleged in her state court cause of action." (*Id.* at 4.) Defendant maintains that "[t]he complaint filed in the Washtenaw County Circuit Court contained one cause of action alleging a violation of the Michigan's WPA. Had she exercised reasonable diligence, Plaintiff could and should have brought a retaliatory discharge claim under the FCA at the same time." (*Id.*) Defendant maintains that "[a]t this juncture, particularly because Plaintiff's state law claims have been dismissed, res judicata prohibits Plaintiff from filing in federal court what she could . . . have brought in state court." (*Id.* at 5.)

In her response to Defendant's motion, Plaintiff asserts that her "claim under 31 U.S.C. § 3730(h) is not barred by res judicata" because federal courts have exclusive subject matter jurisdiction over FCA claims. (Pl.'s Resp. at ¶ 2, 8.) The court disagrees.

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires a federal court to give a state court judgment the same preclusive effect it would have under the law of the state whose court issued the judgment. *Heyliger v. State University and Community College System of Tennessee* 126 F.3d 849, 851-52 (6th Cir. 1997) (citing *Migra v. Warren City*

4

*School Dist.,* 465 U.S. 75, 81 (1984); *Allen v. McCurry,* 449 U.S. 90, 96 (1980)).

Under Michigan law, res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical. *Dart v. Dart,* 597 N.W.2d 82, 88 (Mich. 1999) (citing *Eaton Co. Bd. of Co. Rd. Comm'rs v. Schultz,* 521 N.W.2d 847 (Mich. Ct. App. 1994)). Under the doctrine of res judicata, the subsequent action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies. *Id.* (citation omitted). In applying this test, "Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* (citing *Gose v. Monroe Auto Equipment Co.,* 294 N.W.2d 165 (Mich. 1980); *Sprague v. Buhagiar,* 539 N.W.2d 587 (Mich. Ct. App. 1995)).

Plaintiff asserts that the second prong of the test has not been met in this case as her action "under 31 U.S.C. § 3730(h) could only have been asserted in Federal District Court because the State court lacked subject matter jurisdiction." (Pl.'s Resp. at 13.) Instead, Plaintiff argues, the last sentence of the Act, which states that "[a]n employee *may* bring an action in the appropriate district court of the United States for the relief provided in this subsection" (emphasis added), is properly interpreted only to say that "[a]n employee *must* bring an action . . . ," thus granting federal courts exclusive jurisdiction over FCA claims. *See* 31 U.S.C. § 3730(h).

"Under our federal system, the States possess sovereignty concurrent with that of the Federal Government, subject only to limitations imposed by the Supremacy

5

Clause." *Tafflin v. Levitt,* 493 U.S. 455, 458 (1990).  Indeed, concurrency is presumed

and can be rebutted only "by an explicit statutory directive, by an unmistakable

implication from legislative history, or by a clear incompatibility between state-court

jurisdiction and federal interests."  *Id.* at 459, quoting *Gulf Offshore Co. v. Mobil Oil

Corp.,* 453 U.S. 473, 478 (1981).  It would be extraordinary to convert or interpret the

permissive "may" as the mandatory "must."  A particularly persuasive argument should

be required to achieve this result.  Plaintiff, however, fails to convince.

First, the only "explicit statutory directive" is found in the drafters' use of the

permissive, "may."  The permissive form cuts exactly against an argument that a

presumption of concurrent jurisdiction should be overcome.

Second, whatever one may think of a resort to legislative history to interpret a

statute,[2] there is in the proffered history no "unmistakable implication" in favor of

overcoming the presumption.  Plaintiff relies on one brief statement in one Senate

Report in which it was stated that "[j]urisdiction for any actions under section 3734 of the

False Claims Act shall be in Federal district court," S. Rep. 99-345 (1986).  In addition to

the paucity of citation of relevant history, Plaintiff inaccurately quoted the jurisdictional

_____

[2] *See, e.g.*, *Shannon v. United States,* 512 U.S. 573, 583 (1994)
("Members of this Court have expressed differing views regarding the role that
legislative history should play in statutory interpretation.  Compare *County of
Washington v. Gunther,* 452 U.S. 161, 182 (1981) (Rehnquist, J., dissenting) ("[I]t [is]
well settled that the legislative history of a statute is a useful guide to the intent of
Congress"), with *Wisconsin Public Intervenor v. Mortier,* 501 U.S. 597, 617 (1991)
(Scalia, J., concurring in judgment) (legislative history is "unreliable . . . as a genuine
indicator of congressional intent").  We are not aware of any case, however (and [the
petitioner] does not bring one to our attention), in which we have given authoritative
weight to a single passage of legislative history that is in no way anchored in the text of
the statute.")

reference in the one Senate report she did locate, attributing "jurisdiction" to "the Whistleblower Act," as though it were a reference to the retaliatory discharge provision of the FCA, § 3730(h).  As Defendant points out, however, the "Whistleblower" provision "covers eight subsections, and only subsection (h) contains a specific jurisdictional statement, the last sentence in the subsection where we find the permissive word 'may.'" (Def.'s Reply at 3.)  The phrase in the Report proffered by Plaintiff applies to all seven other subsections of the Act.  Plaintiff's assertion of an "unmistakable implication" from this paltry legislative history is simply unconvincing. *Shannon,* 512 U.S. at 583.

Third, Plaintiff makes no attempt to explain how any "clear incompatibility between state-court jurisdiction and federal interests" could be found to exist in this instance.  *See Gulf Offshore Co.,* 453 U.S. at 478.  The court can imagine none, and no cases cited by the parties or located by the court reveal such an incompatibility.

The one court that has addressed this very argument, the Northern District of Ohio, has rejected it, holding that:

> It is not clear from the text of the statute that federal jurisdiction of whistleblower retaliation claims is exclusive of the states. . . .  Jurisdiction is *presumably concurrent.  See Tafflin*, 493 U.S. at 459. . . .  Here, there is no explicit statutory directive and . . . no unmistakable implication from legislative history.  Nor does the Court find a clear incompatibility between state jurisdiction and federal jurisdiction.  In any case, although the Supreme Court has restated the rule of *Gulf Offshore*, *see, e.g.*, *Tafflin*, 493 U.S. at 459-60 the only cases in which the Supreme Court has found implied exclusive jurisdiction are the Sherman Act and the Clayton Act.

*Nguyen v. City of Cleveland*, 121 F.Supp.2d 643, 646 (N.D. Ohio 2000) (emphasis added).  The *Nguyen*'s court's discussion of this issue is, although not controlling, persuasive.

Plaintiff has not shown how the word "may" is properly to be interpreted only as

"must" such that the Act instructs that "[a]n employee *must* bring an action in the appropriate district court of the United States for the relief provided in this subsection." *See* 31 U.S.C. § 3730(h).

Plaintiff's FCA claim is barred by the doctrine of res judicata. The court need not discuss Defendant's statute of limitations argument and will dismiss Count I of Plaintiff's complaint.

### IV. CONCLUSION

IT IS ORDERED that Defendant's "Motion to Dismiss"[Dkt. #6] is GRANTED.


  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated: May 10, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on ther date, May 10, 2006, by electronic and/or ordinary mail.


  S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522


S:\Cleland\JUDGE'S DESK\Odd Orders\06-10636.ERNSTING.GrantingMotionToDismiss.3.wpd